IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEVIN B. DEAN,
      Petitioner,

vs.                                    Case No.:  3:13cv400/LAC/EMT

MICHAEL CREWS,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on a petition for writ of habeas corpus filed by Petitioner under 28 U.S.C. § 2254 (doc. 1).  Respondent filed a motion to dismiss the petition as impermissibly second or successive, pursuant to 28 U.S.C. § 2244(b) (doc. 12).  Petitioner filed a response in opposition to the motion (doc. 17).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the record before the court shows that the petition is subject to dismissal as an unauthorized "second or successive" habeas corpus application, and thus should be dismissed for lack of jurisdiction.

I.      BACKGROUND AND PROCEDURAL HISTORY

On December 19, 1995, Petitioner was convicted, pursuant to a nolo contendere plea, in the Circuit Court in and for Escambia County, Florida, Case No. 1995-CF-1554, of one count of murder with a firearm (doc. 1 at 1, 11).  He was sentenced to life imprisonment with a three-year mandatory minimum (doc. 1 at 1; doc. 17 at 1–2).

On June 27, 2003, Petitioner sought federal habeas corpus relief under 28 U.S.C. § 2254 in this court (*see* doc. 12 at 1; doc. 17 at 3). *See* <u>Dean v. Tucker</u>, Case No. 3:03cv308/LAC/MD, Petition (N.D. Fla. June 27, 2003). The court dismissed the petition on March 10, 2004 (*see* attached). *See id.*, Order (N.D. Fla. Mar. 10, 2004) (adopting Report and Recommendation recommending dismissal of § 2254 petition as untimely). Petitioner appealed the decision to the Eleventh Circuit Court of Appeals, Case No. 04-11507, and the Eleventh Circuit denied Petitioner's motion for certificate of appealability on July 27, 2004. *See id.* Order (11th Cir. July 27, 2004).

Petitioner filed the instant § 2254 petition on July 3, 2013 (doc. 1). He challenges the same state court judgment on the following ground:

> The trial court erred in dismissing Petitioner's motion for post conviction relief as untimely based on the recent decision in <u>Miller v. Alabama</u>, 132 S. Ct. 2455 (2012) not [sic] apply retroactively.

(*id.* at 6–7).[1]

II.     ANALYSIS

Federal courts are courts of limited jurisdiction, and may only hear cases where authorized by the Constitution and by statute. *See* <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Section 2244 provides, in relevant part:

> **(a)** No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
>
> **(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

---

[1] In <u>Miller</u>, the Supreme Court held that a sentence of mandatory life imprisonment without parole imposed on a defendant who was under the age of 18 at the time of the offense violates the Eighth Amendment's prohibition on cruel and unusual punishment. 132 S. Ct. at 2469.

**(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

**(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

**(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A)** <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.

28 U.S.C. § 2244 (emphasis added). A district court lacks the jurisdiction to hear a second or successive § 2254 petition absent authorization from a Court of Appeals. 28 U.S.C. § 2244(b)(3)(A).

Petitioner does not dispute that the instant petition challenges the legality of the same state court judgment that was the subject of his first § 2254 action filed in 2003. Petitioner contends the instant petition is not "second or successive," because the Supreme Court did not decide <u>Miller</u> until 2012, after disposition of his first § 2254 petition (doc. 17 at 4). He contends he thus could not have raised his claim in his first § 2254 petition (*id.*). Petitioner relies upon Eighth Circuit cases which held that a claim raised in a prior petition that was dismissed as unripe is not barred by § 2244(b) (doc. 17 at 4–5).

Although the fact that a petition is filed second in time does not necessarily mean that it is successive, AEDPA's purposes "to further the principles of comity, finality, and federalism" must be considered when evaluating whether a successive petition is subject to dismissal. <u>Panetti v. Quarterman</u>, 551 U.S. 930, 945, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007) (quotation omitted). The Supreme Court has made an exception to the AEDPA's bar on successive claims when it would require unripe claims to be raised as a mere formality. In <u>Panetti</u>, the Supreme Court recognized that a claim of incompetency under <u>Ford v. Wainwright</u>, 477 U.S. 399, 106 S. Ct. 2595, 91 L. Ed. 2d 335

(1986),[2] was not successive, because the claim was not ripe until the petitioner's execution was scheduled.  The Supreme Court explained, "[i]nstructing prisoners to file premature claims, particularly when many of these claims will not be colorable even at a later date, does not conserve judicial resources, "reduc[e] piecemeal litigation," or "streamlin[e] federal habeas proceedings." Panetti, 551 U.S. at 946 (quoting Burton v. Stewart, 549 U.S. 147, 154, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (per curiam) (internal quotation marks omitted)); *see also* Stewart v. Martinez–Villareal, 523 U.S. 637, 643–44, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998) (petitioner's Ford claim that he is not competent to be executed should not be treated as a "second or successive" petition, despite the fact that it had been raised in a prior petition and dismissed as unripe); Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011) ("Because the basis for his Johnson [v. United States, 544 U.S. 295, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005)] claim did not exist before his proceedings on his initial § 2255 motion concluded, Stewart's numerically second motion is not "second or successive," and § 2255(h)'s gatekeeping provision does not apply. . . . Stewart's situation falls within what the Fifth Circuit recognized is a small subset of unavailable claims that must not be categorized as successive.").  The Eleventh Circuit has been careful to limit the Supreme Court's holding in Panetti.  *See* Tompkins v. Sec'y Dep't of Corr., 557 F.3d 1257, 1259 (11th Cir. 2009) (per curiam).  In Tompkins, the Eleventh Circuit noted that claims regarding constitutional violations occurring at trial or sentencing are ripe for inclusion in a first habeas petition, and nothing in Panetti changed that.  *Id.* at 1260.

Here, Petitioner's claim based on Miller v. Alabama was ripe when he filed his first habeas petition in 2003.  At that time, he knew he was a juvenile sentenced to life imprisonment.  Although the Supreme Court did not declare mandatory sentences of life without parole for juveniles unconstitutional until June 25, 2012, a change in controlling law does not make a previously known but unasserted claim unripe.  Despite knowing the facts underlying his Miller claim at the time of sentencing in state court in 1995, Petitioner did not raise the claim in a federal habeas petition until

---

[2] In Ford, the Supreme Court held for the first time that "the Eighth Amendment prohibits a State from carrying out a sentence of death upon a prisoner who is insane," and it outlined procedural safeguards to enforce that constitutional prohibition.  477 U.S. at 409–10.

July 3, 2013. Because Petitioner could have raised the constitutional challenge to his sentence in 2003, his second § 2254 petition raising the <u>Miller</u> claim is a "second or successive" petition. *See, e.g.*, <u>Riley v. Palakovich</u>, No. 05-cv-4541, 2012 WL 4473207, at *3 (E.D. Penn. Aug. 30, 2012) (unpublished) (habeas petitioner's claim based on <u>Miller</u> was ripe when he filed his first § 2254 in 2005; therefore, future § 2254 petition raising <u>Miller</u> claim would be "second or successive").

Petitioner does not allege he obtained the requisite permission from the Eleventh Circuit Court of Appeals prior to filing the instant § 2254 petition.[3] His failure to obtain permission from the Eleventh Circuit prior to filing the instant petition operates as a jurisdictional bar that precludes this district court's consideration of the merits of the petition. *See* 28 U.S.C. § 2244(b)(3)(A); <u>Fugate v. Dep't of Corrections</u>, 310 F.3d 1287, 1288 (11th Cir. 2002). Therefore, the petition should be dismissed for lack of jurisdiction.

III.    CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

---

[3] Notably, the Eleventh Circuit recognized that the Supreme Court has not made <u>Miller</u> retroactive to cases on collateral review, as would warrant granting leave for a prisoner to file a second or successive habeas corpus application. *See* <u>In re Morgan</u>, 713 F.3d 1365 (11th Cir. 2013)

Case No.: 3:13cv400/LAC/EMT

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Petitioner's habeas petition (doc. 1) be **DISMISSED for lack of jurisdiction**, pursuant to 28 U.S.C. § 2244(b).

2.      That any pending motions be **DENIED as moot**.

3.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 12th day of February 2014.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**